UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 08 B 23789 |
| MAXINE LOGGINS, | ) | Hon. Pamela S. Hollis |
| | ) | |
| Debtor. | ) | |

### APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

Much Shelist Denenberg Ament & Rubenstein, P.C. ("Much Shelist"), through Norman B. Newman, one of its attorneys, and the Trustee herein (the "Trustee"), move this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Local Bankruptcy Rule 5082-1, for the allowance of final compensation in the amount of $5,159.00 and reimbursement of expenses totaling $5.30 for services rendered during the period November 14, 2008 through December 13, 2010. In support of this application, Much Shelist states as follows:

1. On September 9, 2008, Maxine Loggins (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee was subsequently appointed interim trustee, qualified and continues to serve as Trustee in this case.

2. On December 2, 2008, an Order was entered authorizing the Trustee to employ Much Shelist as the Trustee's attorneys in this case.

3. Much Shelist has no agreement with any other firm or person whatsoever with regard to its compensation in this case.

4. Much Shelist is entitled to receive final compensation in the amount of $5,159.00 plus reimbursement of out-of-pocket expenses in the amount of $5.30 for services rendered during the period November 14, 2008 through December 13, 2010.

5. Much Shelist provided 14.10 hours of services on behalf of the Trustee during the time period covered by the application. The following is a summary of time expended, by individual, during the time period covered by this application.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 4.10 hrs. | $550.98/hr.* | $2,259.00 |
| Martin J. Wasserman | 10.00 hrs. | $290.00/hr. | 2,900.00 |
| | | | |
| **TOTAL** | **14.10 hrs.** | | **$5,159.00** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

6. Attached hereto as Exhibit "A" is a statement of legal services rendered. The services are listed chronologically and are separated by activity. Certain time entries could have been listed under a different activity, but there is no duplication of time entries. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the standards enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

7. At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

8. During the time period covered by this application, Much Shelist's attorneys have provided services to the Trustee with respect to the following two (2) matters:

**A.** **General Administrative (Tab No. 1):** A total of 10.40 hours of time was spent monitoring a pending law suit initiated by the State's Attorney's Office on behalf of the Debtor who was a victim of a mortgage fraud scheme. Prior to the Debtor's Section 341 meeting, the Cook County State's Attorney's Office, Consumer Fraud Division filed a civil consumer fraud

case against BRD Development, LLC, Christopher McGruder, The Loan Professionals, Inc., and Elizabeth Thompson under case number 08 CH 36250 (the "Law Suit").

At the Section 341 meeting, the Debtor testified that she had no interest nor asserted any claim in the Law Suit and the Trustee filed his "No Asset Report". It wasn't until after the creditor's meeting, that additional investigation on behalf of the Debtor's attorney revealed that the Debtor did in fact have an interest and/or claim to any recoveries sought in the Law Suit.

Counsel for the Trustee prepared a motion to vacate the No Asset Report and appeared in Court on same. Attorneys for the Trustee participated in numerous telephonic and written communications with the State's Attorney's Office to follow-up on the status of the pending Law Suit and the eventual settlement thereof.

The individuals who provided services in connection with this matter and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Norman B. Newman | 4.10 hrs. | $550.98/hr.* | $2,259.00 |
| Martin J. Wasserman | 6.30 hrs. | $290.00/hr. | 1,827.00 |
| | | | |
| TOTAL | 10.40 hrs. | | $4,086.00 |

**B.**   **Retention of Professionals (Tab No. 2):** A total of 3.70 hours of time was expended by Much Shelist on the preparation of pleadings and appearance in Court on the Trustee's Motion to Employ Attorneys and to vacate the No Asset Report previously filed by the Trustee.

The individual who provided services in connection with this matter and the time expended by him is as follows:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Martin J. Wasserman | 3.70 hrs. | $290.00/hr. | $1,073.00 |
| | | | |
| TOTAL | 3.70 hrs. | | $1,073.00 |

9.     During the time period covered by this application, Much Shelist incurred out-of-pocket expenses in the amount of $5.30. Attached hereto as <u>Exhibit B</u> is a detailed itemization of expenses. The charge for photocopies is 10¢ per page. Much Shelist submits that these expenses were reasonable and necessary in connection with the services provided to the Trustee.

10.    The services rendered by Much Shelist provided a benefit to the Trustee, to the Debtor and to the creditors of this estate.

**WHEREFORE**, Much Shelist Denenberg Ament & Rubenstein, P.C. respectfully requests that this Court enter an Order as follows:

1.     Awarding Much Shelist final compensation in the amount of $5,159.00 plus reimbursement of out-of-pocket expenses in the amount of $5.30 for the period November 13, 2008 through December 13, 2010;

2.     Authorizing the Trustee to pay Much Shelist the awarded compensation and expense reimbursement forthwith as an allowed Chapter 7 expense of administration of this estate; and

3.     Granting such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

**Much Shelist Denenberg Ament & Rubenstein, P.C.**

By:    /s/ Norman B. Newman
       One of Its Attorneys

Norman B. Newman (Atty. ID# 02045427)
**Much Shelist Denenberg Ament & Rubenstein, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: 312-521-2000

2791219_1.doc